# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

ALBERT LABELLA                                                SUBPOENA DUCES TECUM

      Debtor.
-----------------------------------------------------------------X
SHEET METAL WORKERS' NATIONAL PENSION          Case No. 8-24-72612 (ast) (Chapter 7)
FUND, INTERNATIONAL TRAINING INSTITUTE FOR     Adv. Proc. No. 8-24-08090 (ast)
THE SHEET METAL AND AIR CONDITIONING
INDUSTRY, SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST, NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE, and
NATIONAL STABILIZATION AGREEMENT OF THE
SHEET METAL INDUSTRY TRUST FUND,

               Plaintiffs,

     v.

ALBERT LABELLA,
               Defendant.
-----------------------------------------------------------------X

### THE PEOPLE OF THE STATE OF NEW YORK

RE:     Albert LaBella
        79 Handsome Avenue
        Sayville, New York 11782
                              Defendant/Judgment Debtor.

**GREETING**:

      **WHEREAS**, in an adversary proceeding before the United States Bankruptcy Court for the Eastern District of New York, between Creditors Sheet Metal Workers' National Pension Fund, International Training Institute for the Sheet Metal and Air Conditioning Industry, Sheet Metal Occupational Health Institute Trust, National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry, and National Stabilization Agreement of the Sheet Metal Industry, as Plaintiffs / Judgment Creditors, and Albert LaBella, Defendant / Judgement Debtor, who are the parties named in the action, a judgment was entered on July 21, 2025 in favor of Plaintiffs / Judgment Creditors, and against Defendant / Judgment Debtor Albert LaBella, in the amount of $19,408,323.66, of which $19,408,323.66, together with interest thereon from July 21, 2025, remains due and unpaid; and

      Pursuant to Rule 69 of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules Sections 5223 and 5224, YOU ARE COMMANDED to appear for the taking of a deposition, in person, before a court stenographer who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified

to act as a juror because of interest or because of consanguinity or affinity to any party herein. The deposition will be taken by Plaintiffs in this civil action at the time and date set forth below:

Place:
    Blitman & King LLP
    Franklin Center, Suite 300
    443 North Franklin Street
    Syracuse, New York 13204

Date and Time:
    September 22, 2025 @ 10:00 am

You will be required to testify about the following matters, or those set forth in the attachment: See Schedule "A" attached hereto. You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

### See Schedule "A" attached to this Subpoena

Failure to comply with this subpoena is punishable as a contempt of court and shall make you liable to the person on whose behalf this subpoena was issued for costs not to exceed fifty dollars ($50.00), a penalty not to exceed fifty dollars ($50.00), and all damages sustained by reason of your failure to comply. If the witness requires and is entitled to fees related to this subpoena, please contact the undersigned to make arrangements for the fees.

**I HEREBY CERTIFY THAT (i) THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW; AND (ii) THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.**

DATED: July 25, 2025

**BLITMAN & KING LLP**

By: _____
    Daniel Kornfeld, Esq.
    Attorneys for Plaintiffs
    Office and Post Office Address
    Franklin Center, Suite 300
    443 North Franklin Street
    Syracuse, New York 13204-1415
    Telephone: (315) 422-7111
    Facsimile: (315) 471-2623
    e-mail: dekornfeld@bklawers.com

2

## SUBPOENA SCHEDULE "A"

The Subpoena to which this Schedule is attached requires you to testify about the following matters: the income, assets, and property (tangible and intangible) of the Defendant, and the liabilities of Defendant since January 1, 2024. Further, the Subpoena requires you to produce for inspection and copying all of the following documents (in responding please reference the Definitions) covering the years 2024 to date:

### Definitions

A.     The terms "any," "all," "each," and "every" as well as the terms "and" and 'or" shall be used interchangeably unless the context requires otherwise. In the context of a request or a response thereto, wherever necessary to bring within the scope of the request for documents that would otherwise be excluded therefrom, the singular shall mean the plural, and the masculine gender shall mean the feminine, and vice versa.

B.     As used herein, "document" or "documents" means any writing of any kind, including originals and all nonidentical copies (whether different from the originals by reason of any notation made on such copies or otherwise) as well as, without limitation, electronically stored information ("ESI"), correspondence, records, memoranda, notes, desk calendars, diaries, statistics, letters, lists, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guarantees, summaries, pamphlets, books, prospectuses, intraoffice and interoffice communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, motion pictures, floppy or computer discs, software, computer printouts, teletypes, telefax, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, audio or visual tapes or cassettes, tape recordings, transcripts, graphic or aural records or representations of any kind, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

C.     As used herein, "possession," "custody," or "control" includes the joint or several possession, custody or control not only by the person or entity to whom this subpoena is addressed, but also the joint or several possession, custody or control by each and every other person or entity acting or purporting to act on behalf of said person or entity, whether as employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise.

D.     As used herein, "related to," "relates to," "relating thereto," "related thereto," "regarding," and "referring to" means (without limitation) supports, evidences, describes, mentions, refers to, contradicts or compromises, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

### DOCUMENT DEMANDS

1.     Any and all documentation covering January 1, 2024 to date relating to Defendant's interest in: money, assets, deeds, mortgages, liens, leases, contracts, time deposits, credit union, brokerage house, pension funds, safe deposit box, leasehold, ownership

3

4914-2132-1048 v.1

in real property, loans, any type of insurance, claims against an insurance policy, stock, bonds, other securities, motor or recreational vehicles, tools, equipment, inventory, accounts, receivables, accounts receivable, tangible personal property, livestock, royalties, patents, copyrights, inventions, trusts, estates, wills, or future inheritances.

2.  Contracts, agreements, or promissory notes that have been executed by the Defendant since January 1, 2024.

3.  Documents concerning any security interests or liens claimed by the Defendant since January 1, 2024.

4.  Documents concerning any transaction since January 1, 2024 that the Defendant has had with any other person or entity as a result of which the Defendant may now or in the future be entitled to money.

5.  Documents concerning the Defendant's assets and liabilities since January 1, 2024.

6.  Financial statements of the Defendant covering the period since January 1, 2024.

7.  All documentation evidencing the transfer of any and all property of Defendants, real or personal property, since January 1, 2024, including the description of the property, the consideration for the transfer, and the identity of the parties involved in the transfer.

8.  Any and all documentation relating to employment of Defendant and/or projects worked on or bid by Defendant since January 1, 2024, including, but not limited to, documentation evidencing the names of each project, including a description of the project, the dates when Defendant worked on each project, the amount of money received by him in connection with each project, the amount of money remaining due to him in connection with each project, the names of the corporations, companies or persons who hired Defendant to perform work on each project and the dates when each project was or will be completed.

9.  All documentation covering January 1, 2024 to date relating to the financial condition of Defendant, including, but not limited to, W-2 statements, wage/income statements, bank statements, financial statements, statements of assets and liabilities, balance sheets, statement of revenue and expenses, federal and state tax returns, accounts payable, and outstanding accounts receivables.

10. All documentation relating to Defendant's current debts and obligations, including, but not limited to, invoices, lawsuits, bills, judgments, Internal Revenue Service, Notices of Levy, the New York State Tax Commission's Notices of Levy, UCC-1 Statements, Security Agreements, Guarantees, Indemnification Agreements, Department of Labor claims and assessments, mechanic's liens, and mortgages

4

4914-2132-1048 v.1